UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

KOREA CENTRAL DAILY NEWS, INC.,
A/K/A JOONG-ANG ILBO A/K/A KOREA
DAILY,

                              Plaintiff,

     vs.

KOREA MEDIA GROUP, LLC
A/K/A KYOCHARO,
JOHN DOES (FICTITIOUS
NAMES, NO'S 1-100),
AND XYZ COMPANIES
(FICTITIOUS NAMES, NO'S 1-100),

                            Defendants.

-----------------------------------------------------------X

ECF CASE

Civil Action

COMPLAINT

Case No.:

JURY TRIAL DEMANDED:
[x] YES [ ] No

Plaintiff, Korea Central Daily New, Inc., a/k/a Joong-Ang Ilbo a/k/a *Korea Daily* ("Plaintiff" or "KCDN") by and through its attorneys, Kim & Bae, P.C., hereby submit its Complaint against Defendant, Korea Media Group, LLC a/k/a Kyocharo ("Defendant" or "KMG") and alleges the following:

## JURISDICTION AND VENUE

1.       This Court has jurisdiction under 28 U.S.C. §§ 1116 and 1121, and 28 U.S.C. §§ 1331, 1338 and 1367.  This case arises under the Copyright Act of 1976 (as amended), 17 U.S.C. § 101 et seq., the Digital Millennium Copyright Act of 1998, 17 U.S.C. § 1201, et seq., and the Lanham Act, 28 U.S.C. § 1125(a).

2.       Venue is proper pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(a).

1

3.        The conduct that took place either occurred within this district, or was directed by the Defendant from within this District.  The Defendant also maintains its principal place of business in Queens County, New York, which lies within this District.

## STATEMENT OF THE PARTIES

4.        KCDN is a New York corporation with its principal place of business at 43-27 36th Street, Long Island City, NY 11101.  KCDN, among other things, publishes nationally and internationally a publication known as "Joong-Ang Ilbo," both in print and in electronic format on the Internet known as koreadaily.com.  Koreadaily.com is distributed throughout the State of New York and in interstate commerce.

5.        On information and belief, Defendant Korea Media Group, LLC, a/k/a Kyocharo, is a New York corporation with a principal place of business at 45-16 162nd Street, Suite 201, Flushing, NY 11358.  On information and belief, KMG is engaged in the business of designing, publishing, and maintaining a newspaper.  KMG attracts users and advertisers to its publication by republishing verbatim copies of others' copyrighted works, in their entirety, and without their owners' consent.

6.        Defendants John Does (Fictitious Names, No's 1-100), are natural persons, whose identities are unknown to Plaintiffs, who, upon information and belief, are or may be liable to Plaintiffs, in damages, costs, and attorneys' fees, and for injunctive relief, for the tortious, wrongful, and otherwise improper actions, set forth more fully below.

7.        Defendants XYZ Companies (Fictitious Names, No's 1-100), are companies, corporations, limited liability corporations, business enterprises, professional corporations, partnerships, joint ventures, newspaper organizations, journalistic organizations, Internet news

organizations, enterprises in general, and every other type of business, association or entity, who, upon information and belief, are or may be liable to Plaintiffs, in damages, costs, and attorneys' fees, and for injunctive relief, for the tortious, wrongful, and otherwise improper actions, set forth more fully below.

## FACTUAL ALLEGATIONS

8.      Plaintiff is a well-respected source of copyrighted news stories and other information. Plaintiff spends substantial amount of time, money, and effort creating, collecting, and distributing its copyrighted stories.

9.      A website is a specific location on the World Wide Web identified by a unique address known as a Universal Resource Locator ("URL"). Among the channels through which the Plaintiff distribute their content are websites found at the "koreadaily.com." In addition to breaking news coverage and extensive original news content, Plaintiff's website includes almost the entire daily content of the *Korea Daily* newspaper.

10.      Plaintiff's copyrighted content constitutes way in which Plaintiff attracts readers to its website.

11.      Plaintiff sells advertising space in its newspaper and its website based on the success of its copyrighted content in attracting readers. The more people who read Plaintiff's newspaper or visit Plaintiff's websites, the more advertisers will purchase advertising space, which, in turn, increases Plaintiff's revenues.

12.      Defendant operates the Kyocharo newspaper. In contrast to Plaintiff, however, Defendant does not create its own copyrighted stories. Instead, Defendant has been and is engaged in a pattern of misappropriating content and infringing copyrights by republishing verbatim copies of copyrighted articles, in their entirety, and without the copyright owner's

consent. Plaintiff is one representative of the numerous news organizations whose copyrights are being so infringed by Defendant.

13.        The infringing newspaper contains many of Plaintiff's copyrighted articles. For example.

        a.  On or about September 14, 2016, the Korea Daily published a copyrighted article authored by Seo Seungjae and Oh Meungju, and entitled "뉴욕주 한인 상원의원, 올해도 좌절" (*"A Korean NY senator, did not happen this year again"*).  A true and correct copy of this article is attached as Exhibit A. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's republication is attached as Exhibit B. Defendant's republication was made without KCDN's consent.

        b.  On or about September 13, 2016, the Korea Daily published a copyrighted article authored by Kim Jieun, and entitled "뉴욕주, 소상인 업주 교육단체 선정" (*"NY, selected an education organization for retail dealers"*).  A true and correct copy of this article is attached as Exhibit C. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's

republication is attached as Exhibit D. Defendant's republication was made without KCDN's consent.

c.  On or about September 10, 2016, the Korea Daily published a copyrighted article authored by Hwang Jeo Young, and entitled "학생·학부모 필요한 정보 한눈에 확인" (*"Parents and students are now allowed to check their information at a glance"*).  A true and correct copy of this article is attached as Exhibit E. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's republication is attached as Exhibit F. Defendant's republication was made without KCDN's consent.  *See* U.S. Reg. Application No. 1-5641847573.

d.  On or about September 10, 2016, the Korea Daily published a copyrighted article authored by Lee Jo Eun, and entitled "한국 남성안무가 이색 공연 25 일 맨해튼 '예술극장 92Y'"("A performance called 'Art Theater 92Y'performed by a Korean male choreographer on 25th at Manhattan"). A true and correct copy of this article is attached as Exhibit G. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's

republication is attached as Exhibit H. Defendant's republication was made without KCDN's consent.

e. On or about September 10, 2016, the Korea Daily published a copyrighted article authored by Lee Jo Eun, and entitled "창작 오페라 '선비' 최초 뉴욕 무대 '개봉박두'" *("Opera 'Sunbi', the first performance at the stages of NYC 'Coming Soon'")*. A true and correct copy of this article is attached as Exhibit I. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's republication is attached as Exhibit J. Defendant's republication was made without KCDN's consent. *See* U.S. Reg. Application No. 1-5639631138.

f. On or about September 13, 2016, the Korea Daily published a copyrighted article authored by Seo Han Seo, and entitled "NJ 오바마케어 보험사 2곳 남아" (*"There are only two NJ Obamacare Insurance Companies left"*). A true and correct copy of this article is attached as Exhibit K. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's republication is attached as Exhibit L. Defendant's republication was made without KCDN's consent.

6

g. On or about September 13, 2016, the Korea Daily published a copyrighted article authored by Seo Han Seo, and entitled "대입 합격 최대 요소는 역시 '성적'" ("The most important factor for college entrance is still 'Grade'"). A true and correct copy of this article is attached as Exhibit M. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's republication is attached as Exhibit N. Defendant's republication was made without KCDN's consent.

h. On or about September 14, 2016, the Korea Daily published a copyrighted article authored by Seo Han Seo, and entitled "뉴저지 추석잔치, 80 년대 향수 자극한다" (NJ Chuseok, offering nostalgic value of 80s). A true and correct copy of this article is attached as Exhibit O. Defendant republished the entirety of this article, verbatim, without any transformation as to its content, on or about September 17, 2016 in their infringing newspaper. A true and correct copy of Defendant's republication is attached as Exhibit P. Defendant's republication was made without KCDN's consent.

14.     The aforesaid materials are original works that may be copyrighted under the laws of the United States.

7

15.     The Plaintiff has applied to the United States Copyright Office for copyright registration of the aforesaid news articles as evidenced by the registration application number.

16.     The Plaintiff has notified the Defendant in writing of the infringement.

17.     Defendant is misappropriating the non-transformed, copyrighted material in which Plaintiff has invested heavily. Defendant's newspaper relies on the copyrighted content of Plaintiff's newspapers and website to attract readers, and to subject those readers to Defendant's and others' advertising and promotional material. Defendant has promoted the infringing newspaper to advertisers and the public based on Defendant's routine practice of misappropriating and republishing unauthorized copies of copyrighted articles from competing, "name brand" newspaper and website.

18.     By copying Plaintiff's copyrighted articles verbatim and posting them on a site other than Plaintiff's websites, Defendant is also diverting readers that would otherwise read Plaintiff's newspapers and access Plaintiff's website. This practice takes readers away from Plaintiff's publications, which, in turn, has damaged and will damage Plaintiff's ability to attract advertisers.

19.     Defendant's newspaper also allows advertisers seeking proximity to Plaintiff's copyrighted articles to do so on the infringing newspaper only, without compensation to Plaintiff.

20.     Plaintiff does not in any way seek to abrogate or otherwise limit Defendant's First Amendment rights to freedom of expression and freedom of the press.  See U.S. Const. Art. I. .  Plaintiff has no objection to Defendant discussing the content and ideas expressed in Plaintiff's articles.   However, Defendant does not need to infringe Plaintiff's copyrights to exercise its First Amendment rights.

8

21.     Defendant has made, and continues to make, its infringing newspaper available to countless users within this District; have misappropriated and infringed Plaintiff's copyrighted content originating on computer servers located in this District; and as a result, have gained revenue and other benefit from advertisers wishing to reach these people to the detriment of Plaintiff.

22.     The specific acts of infringement described above are simply representative of a broader pattern of infringement in which Defendant makes continuous unauthorized use of the content of Plaintiff's newspaper and website all the time, 24 hours a day, every day.  As of the date of this Complaint, the infringing articles are still being published on Defendant's own website, www.FindAllUSA.com.

### COUNT ONE – COPYRIGHT INFRINGEMENT

23.     Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

24.     Plaintiff owns copyrighted material found at or through *Korea Daily* newspaper and at or through the URLs "koreadaily.com." For example, the *Korea Daily* has applied for registration with the United States Copyright Office the following content from *Korea Daily* and its "koreadaily.com" website:

> a.   The above-referenced Article, attached as Exhibit E;
>
> b.   The above-referenced Article, attached as Exhibit J.

25.     By the actions alleged in this Complaint, Defendant has infringed and, unless enjoined by this Court, will continue to infringe KCDN's copyrights in and relating to its works. Defendant by itself and/or by authorizing others have engaged in reproducing its works, creating derivative works based on them, displaying its works publicly and distributing its works to the public on an unlimited and unrestricted basis without permission.  Plaintiff is entitled to receive

all appropriate injunctive relief, including but not limited to the relief available under 17 U.S.C. §§ 502-503.

26.      Defendant's infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff in an amount not capable of determination, and, unless restrained, will cause further irreparable injury, leaving the Plaintiff with no adequate remedy at law.

27.      On information and belief, Defendant has willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, and malice, and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

28.      Plaintiff has complied in all respects with 17 U.S.C. § 101 et seq., and secured the exclusive rights and privileges in and to the copyrights of the above-referenced works.  The good will connected with the use of, and symbolized by, Joong Ang Ilbo Mark is an extremely valuable asset of KCDN.

29.      Plaintiff has been and still is the sole proprietor of all rights, title, and interest in and to the copyrights in their respective works as referenced above.

30.      The copyrighted articles were published without attribution to the Plaintiff.

31.      As a direct and proximate result of the infringement upon the aforesaid copyrights, the Plaintiff has materially suffered damages.

32.      Plaintiff is further entitled to recover from the Defendant the damages, including attorney's fees, it has sustained and will sustain, and any gains, profits and advantages obtained by Defendant as a result of Defendant's willful acts of infringement alleged in this Complaint,

including but not limited to such damages and award as are available under 17 U.S.C. §§ 504-505.

33.     Plaintiff is further entitled to the maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c).

34.     To the extent entitled by law, Plaintiff also proceeds under the common law of the United States.

35.     To the extend not preempted by Federal law, the Plaintiff also proceeds under the statutory and common law of the State of New York, and also of the statutory and common law of any jurisdiction into which the infringing publications are marketed, distributed, or vended.

**WHEREFORE**, Plaintiff demands judgment:

a)     Until this case is decided, the Defendant, and the Defendant's agents, be enjoined from publishing any of the copyrighted articles, by sale or otherwise.

b)     Removing all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

c)     For a permanent injunction enjoining and restraining Defendant displaying any of Plaintiff's articles on Defendant's website;

d)     Impounding any improperly copied and infringed copyrighted materials;

e)     Ordering an accounting of all revenues received by Defendant as a result of their unlawful conduct, and requiring that the Defendant account for and pay as damages to Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in publishing, distributing, and vending Plaintiff's articles, and all profits and advantages gained from infringing Plaintiff's copyright (but no less than the statutory minimum);

f)     Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or its deceptive practices, or in the Court's discretion, such

sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

g)   Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-505;

h)   Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b);

i)   Awarding Plaintiff punitive damages in an amount to be determined;

j)   Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award in this action;

k)   Awarding Plaintiff reasonable attorneys' fees;

l)   Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118; and

m)   Granting such other and further relief as to this Court deems as fair and just.

## COUNT TWO – VIOLATIONS OF THE LANHAM ACT

36.     Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

37.     By the actions alleged in this Complaint, Defendant has engaged in false designation of origin and false and misleading description of fact regarding the creation and ownership of KCDN's editorials and articles.  The Defendant has published KCDN's editorials and articles, proximate to its advertisements, which have appeared in various periodicals distributed throughout the United States in which false credit as to the source of the editorials and articles is given to Defendant.

38.     As a result of Defendant's false designation of origin, and/or false and misleading descriptions, the public has been led to believe that the editorials and articles created by Plaintiff is in fact publications originated by Defendant.

39.      By its actions, the public has been lead to believe that Plaintiff is imitating Defendant, when in fact the publications are the original creation of Plaintiff and in fact Defendant has nothing to do with their creation or ownership.

40.      Consumers are further mistakenly led to believe that Plaintiff has authorized the use of their publications in the advertising and promotion of Defendant's products when no such authorization has been obtained.

41.      By virtue of the conduct described herein, Plaintiff's reputation, good will and growth of its business have been irreparably harmed.

42.      Defendant's acts, as described above, have caused or are likely to cause confusion, to cause mistake, or to deceive as to the origin, sponsorship or approval of KCDN's publications among the trade or the public and therefore constitute unfair competition in violation of 15 U.S.C. § 1125(a).

43.      Defendant's acts, as described above violate 15 U.S.C. § 1125(a) as they constitute false or misleading description of fact, and/or false or misleading representation of fact in commercial advertising or promotion, and they misrepresent the nature, characteristics, qualities and origin of KCDN's goods and of Defendant's commercial activities.

44.      Defendant's acts, as described above, constitute misappropriation of Plaintiff's rights in and to the distinctive trade publications in violation of 15 U.S.C. § 1125(a).

45.      Plaintiff has suffered and, unless Defendant is enjoined by this Court, will continue to suffer damages as a result of Defendant's false and/or misleading statements and related tortious conduct.  Plaintiff has no adequate remedy at law.

46.      Pursuant to 15 U.S.C. § 1117, when a violation of 15 U.S.C. § 1125(a) shall have been established in any civil action, the plaintiff in such action shall, subject to the principles of

equity and the statutory limitations set forth therein, be entitled, inter alia, to recover Defendant's profits, any damages sustained by the Plaintiff, and the costs of the action, and in exceptional cases the court may award reasonable attorneys' fees to the prevailing party.

47.     Plaintiff is entitled to recover from Defendant profits, damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1117, and is further entitled to the destruction of infringing articles as provided by 15 U.S.C. § 1118.

48.     This is an exceptional case within the meaning of 15 U.S.C. § 1117(a) because Defendant's conduct has been outrageous and its violation of Plaintiff's rights is and has been willful.

49.     Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an equitable remedy of an accounting, and a disgorgement of, all such wrongfully derived revenues and/or profits.

50.     To the extent entitled by law, Plaintiff also proceeds under the common law of the United States.

51.     To the extend not preempted by Federal law, the Plaintiff also proceeds under the statutory and common law of the State of New York, and also of the statutory and common law of any jurisdiction into which the infringing publications are marketed, distributed, or vended.

        **WHEREFORE**, Plaintiff demands judgment:

   a)      Until this case is decided, the Defendant, and the Defendant's agents, be enjoined from publishing any of the copyrighted articles, by sale or otherwise.

   b)      Removing all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

   c)      For a permanent injunction enjoining and restraining Defendant displaying any of Plaintiff's articles on Defendant's website;

   d)      Impounding any improperly copied and infringed copyrighted materials;

e)      Ordering an accounting of all revenues received by Defendant as a result of their unlawful conduct, and requiring that the Defendant account for and pay as damages to Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in publishing, distributing, and vending Plaintiff's articles, and all profits and advantages gained from infringing Plaintiff's copyright (but no less than the statutory minimum);

f)      Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or its deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

g)      Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-505;

h)      Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b);

i)      Awarding Plaintiff punitive damages in an amount to be determined;

j)      Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award in this action;

k)      Awarding Plaintiff reasonable attorneys' fees;

l)      Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118; and

m)     Granting such other and further relief as to this Court deems as fair and just.

## COUNT THREE – DIGITAL MILLENNIUM COPYRIGHT ACT-17 U.S.C. § 1201, ET SEQ.

52.     Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

53.     Defendant removed some or all of the copyright management information from the writings set forth above, when they were taken, without the consent of Plaintiff, and published on

their own website, www.FindAllUSA.com in violation of 17 U.S.C. § 1201, et seq., specifically, 17 U.S.C. § 1202.

54.     Plaintiff is entitled to actual damages and disgorgement of Defendant of any ill-gotten gains, pursuant to 17 U.S.C. § 1203(b)(2); (c)(1)(A) & (c)(2).

55.     Plaintiff is entitled to statutory damages, pursuant to 17 U.S.C. § 1203(c)(3)(A).

56.     Plaintiff is entitled to injunctive relief, restraining the aforesaid violations, and/or impounding the infringing documents, pursuant to 17 U.S.C. § 1202(b)(1) & (2).

57.     Plaintiff is entitled, within the discretion of the Court, to a reasonable attorney's fee and costs, pursuant to 17 U.S.C. § 1203(b)(4) & (5).

58.     To the extent entitled by law, Plaintiff also proceeds under the common law of the United States.

59.     To the extend not preempted by Federal law, the Plaintiff also proceeds under the statutory and common law of the State of New York, and also of the statutory and common law of any jurisdiction into which the infringing publications are marketed, distributed, or vended.

    **WHEREFORE**, Plaintiff demands judgment:

a)      Until this case is decided, the Defendant, and the Defendant's agents, be enjoined from publishing any of the copyrighted articles, by sale or otherwise.

b)      Removing all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

c)      For a permanent injunction enjoining and restraining Defendant displaying any of Plaintiff's articles on Defendant's website;

d)      Impounding any improperly copied and infringed copyrighted materials;

e)      Ordering an accounting of all revenues received by Defendant as a result of their unlawful conduct, and requiring that the Defendant account for and pay as damages to Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in publishing, distributing, and vending

Plaintiff's articles, and all profits and advantages gained from infringing Plaintiff's copyright (but no less than the statutory minimum);

f)     Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or its deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

g)     Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-505;

h)     Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b);

i)     Awarding Plaintiff punitive damages in an amount to be determined;

j)     Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award in this action;

k)     Awarding Plaintiff reasonable attorneys' fees;

l)     Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118; and

m)     Granting such other and further relief as to this Court deems as fair and just.

## COUNT FOUR – DECEPTIVE PRACTICES UNDER NEW YORK'S GENERAL

## BUSINESS LAW

60.     Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

61.     The acts of Defendant as alleged herein have deceived or misled, or have a tendency to deceive or mislead the public.

62.     The acts of Defendant as alleged herein have caused harm to the public.

63.     Defendant's false and misleading representations of fact and conduct have influenced the purchasing decisions of the public.

64.     By reasons of Defendant's knowingly false and misleading representations of fact and conduct, Defendant has violated New York General Business Law § 349.

65.     By reason of Defendant's acts herein alleged, Plaintiff, as well as the public, has been injured.

66.     Plaintiff has suffered and will continue to suffer substantial irreparable harm unless Defendant is restrained from its wrongful conduct.

67.     Plaintiff has no adequate remedy at law.

68.     Pursuant to N.Y. Gen. Bus. Law § 349(h), Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain damages, costs, disbursements, and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment:

a)      Until this case is decided, the Defendant, and the Defendant's agents, be enjoined from publishing any of the copyrighted articles, by sale or otherwise.

b)      Removing all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

c)      For a permanent injunction enjoining and restraining Defendant displaying any of Plaintiff's articles on Defendant's website;

d)      Impounding any improperly copied and infringed copyrighted materials;

e)      Ordering an accounting of all revenues received by Defendant as a result of their unlawful conduct, and requiring that the Defendant account for and pay as damages to Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in publishing, distributing, and vending Plaintiff's articles, and all profits and advantages gained from infringing Plaintiff's copyright (but no less than the statutory minimum);

f)      Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or its deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

18

g)   Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-505;

h)   Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b);

i)   Awarding Plaintiff punitive damages in an amount to be determined;

j)   Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award in this action;

k)   Awarding Plaintiff reasonable attorneys' fees;

l)   Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118; and

m)   Granting such other and further relief as to this Court deems as fair and just.

## COUNT FIVE – FALSE ADVERTISING UNDER NEW YORK GENERAL BUSINESS LAW.

69.   Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

70.   In connection with the marketing and advertising of their publication, in violation of N.Y. Gen. Bus. Law § 350, Defendant has intentionally and willfully made, published, disseminated, circulated, and placed before the purchasing public advertisements containing false, deceptive, and misleading statements about both its own products as well as Plaintiff's products in the context of commercial marketing in the State of New York and elsewhere.

71.   By reason of Defendant's conduct, Plaintiff has suffered and will continue to suffer damage to its business, reputation and good will.

72.   Pursuant to N.Y. Gen. Bus. Law § 350(e), Plaintiff is entitled to enjoin Defendant's unlawful conduct as well as obtain damages, costs, disbursements, and attorneys' fees.

WHEREFORE, Plaintiff demands judgment:

19

a)    Until this case is decided, the Defendant, and the Defendant's agents, be
      enjoined from publishing any of the copyrighted articles, by sale or otherwise.

b)    Removing all copyrighted material belonging to any Plaintiff from any and all
      forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. §
      1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

c)    For a permanent injunction enjoining and restraining Defendant displaying any
      of Plaintiff's articles on Defendant's website;

d)    Impounding any improperly copied and infringed copyrighted materials;

e)    Ordering an accounting of all revenues received by Defendant as a result of
      their unlawful conduct, and requiring that the Defendant account for and pay as
      damages to Plaintiff all profits and advantages gained from unfair trade
      practices and unfair competition in publishing, distributing, and vending
      Plaintiff's articles, and all profits and advantages gained from infringing
      Plaintiff's copyright (but no less than the statutory minimum);

f)    Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright
      infringement, false advertising, unfair competition, unjust enrichment, and/or
      its deceptive practices, or in the Court's discretion, such sum as the Court finds
      to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

g)    Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-
      505;

h)    Awarding Plaintiff treble damages or profits and reasonable attorneys' fees
      pursuant to 15 U.S.C. § 1117(a-b);

i)    Awarding Plaintiff punitive damages in an amount to be determined;

j)    Awarding Plaintiff pre-judgment and post-judgment interest on any monetary
      award in this action;

k)    Awarding Plaintiff reasonable attorneys' fees;

l)    Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118;
      and

m)    Granting such other and further relief as to this Court deems as fair and just.

## COUNT SIX – COMMON LAW UNFAIR COMPETITION

73.     Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

74.     As described above, Defendant has engaged in false and misleading representations and omissions and engaged in deceptive conduct.

75.     Defendant's conduct deceived or is likely to deceive the purchasers and potential purchasers of Plaintiff's product.

76.     Defendant's false and misleading representations and deceptive conduct are material in that the same were and are likely to affect purchasers and potential purchasers of Plaintiff's product.

77.     Defendant has engaged in unfair competition under the common law of the State of New York.

78.     As a direct result of said deceptive conduct, Plaintiff has sustained and is likely to continue to sustain damages.

79.     Plaintiff has no adequate remedy at law.

80.     Plaintiff is entitled to exemplary and punitive damages by reason of Defendant's willful, reckless, deliberate and intentional conduct.

**WHEREFORE**, Plaintiff demands judgment:

a)     Until this case is decided, the Defendant, and the Defendant's agents, be enjoined from publishing any of the copyrighted articles, by sale or otherwise.

b)     Removing all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

c)     For a permanent injunction enjoining and restraining Defendant displaying any of Plaintiff's articles on Defendant's website;

d)     Impounding any improperly copied and infringed copyrighted materials;

21

e)      Ordering an accounting of all revenues received by Defendant as a result of their unlawful conduct, and requiring that the Defendant account for and pay as damages to Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in publishing, distributing, and vending Plaintiff's articles, and all profits and advantages gained from infringing Plaintiff's copyright (but no less than the statutory minimum);

f)      Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or its deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

g)      Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-505;

h)      Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b);

i)      Awarding Plaintiff punitive damages in an amount to be determined;

j)      Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award in this action;

k)      Awarding Plaintiff reasonable attorneys' fees;

l)      Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118; and

m)      Granting such other and further relief as to this Court deems as fair and just.

## COUNT SEVEN – UNJUST ENRICHMENT

81.     Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

82.     As a consequence of Defendant's actions, Plaintiff has been denied any financial compensation and credit in connection with its loan of publications to Defendant.

83.     Defendant has been enriched by the use of Plaintiff's publications at Plaintiff's expense.  The circumstances are such that equity and good conscience require the Defendant to be disgorged of its ill-gotten gains, and to make restitution in an amount to be proven at trial.

22

**WHEREFORE**, Plaintiff demands judgment:

a)   Until this case is decided, the Defendant, and the Defendant's agents, be enjoined from publishing any of the copyrighted articles, by sale or otherwise.

b)   Removing all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

c)   For a permanent injunction enjoining and restraining Defendant displaying any of Plaintiff's articles on Defendant's website;

d)   Impounding any improperly copied and infringed copyrighted materials;

e)   Ordering an accounting of all revenues received by Defendant as a result of their unlawful conduct, and requiring that the Defendant account for and pay as damages to Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in publishing, distributing, and vending Plaintiff's articles, and all profits and advantages gained from infringing Plaintiff's copyright (but no less than the statutory minimum);

f)   Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or its deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

g)   Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-505;

h)   Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b);

i)   Awarding Plaintiff punitive damages in an amount to be determined;

j)   Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award in this action;

k)   Awarding Plaintiff reasonable attorneys' fees;

l)   Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118; and

m)   Granting such other and further relief as to this Court deems as fair and just.

23

## COUNT EIGHT – TORTIOUS INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIP

84.      Plaintiff repeats and re-alleges the prior allegations as if set forth at length herein.

85.      Plaintiff has a business relationship with its subscribers.

86.      Defendant knew or should have known of Plaintiff's relationship with its subscribers and intentionally interfered with it.

87.      Defendant acted solely out of malice or used improper or illegal means that amounted to a crime or independent tort.

88.      As a consequence of Defendant's actions, Plaintiff lost subscribers, and was otherwise harmed and injured.

      **WHEREFORE,** Plaintiff demands judgment:

    a)      Until this case is decided, the Defendant, and the Defendant's agents, be enjoined from publishing any of the copyrighted articles, by sale or otherwise.

    b)      Removing all copyrighted material belonging to any Plaintiff from any and all forms of publication, pursuant to 17 U.S.C. §§ 301, 502 and 503; 17 U.S.C. § 1202(b)(1) and (2); 42 U.S.C. § 1988(a); and the Court's equitable authority;

    c)      For a permanent injunction enjoining and restraining Defendant displaying any of Plaintiff's articles on Defendant's website;

    d)      Impounding any improperly copied and infringed copyrighted materials;

    e)      Ordering an accounting of all revenues received by Defendant as a result of their unlawful conduct, and requiring that the Defendant account for and pay as damages to Plaintiff all profits and advantages gained from unfair trade practices and unfair competition in publishing, distributing, and vending Plaintiff's articles, and all profits and advantages gained from infringing Plaintiff's copyright (but no less than the statutory minimum);

24

f)     Awarding Plaintiff: 1) Defendant's profits realized as a result of the copyright infringement, false advertising, unfair competition, unjust enrichment, and/or its deceptive practices, or in the Court's discretion, such sum as the Court finds to be just; 2) damages sustained by Plaintiff; and 3) the costs of this action.

g)     Awarding Plaintiff statutory and attorneys' fees pursuant to 17 U.S.C. §§ 505-505;

h)     Awarding Plaintiff treble damages or profits and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a-b);

i)     Awarding Plaintiff punitive damages in an amount to be determined;

j)     Awarding Plaintiff pre-judgment and post-judgment interest on any monetary award in this action;

k)     Awarding Plaintiff reasonable attorneys' fees;

l)     Ordering the destruction of all infringing articles pursuant to 15 U.S.C. § 1118; and

m)     Granting such other and further relief as to this Court deems as fair and just.

Dated: New York, New York
January 26, 2017

Respectfully submitted,
KIM & BAE, P.C.

By:  /s/ Bong June Kim, Esq.
Bong June Kim, Esq.
Attorney Bar Code: BK-6989
Attorneys for Plaintiffs
2160 North Central Road
Suite 303
Fort Lee, New Jersey 07024
(201) 585-2288

-and-

45 Rockefeller Plaza, Suite 2000
New York, New York 10111
(212) 319-6888

### *RULE 7.1 CERTIFICATION*

Pursuant to *Fed. R. Civ. P.* 7.1, and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff Korea Central Daily News, Inc. certifies that Korea Central Daily News, Inc., is a privately-held New York corporation, established under the laws of the State of New York, and that it has no corporate parents, affiliates, or subsidiaries at all, and has no publically held corporate parents, affiliates, or subsidiaries.


Dated:  New York, New York
       July 21, 2017

                        /s/ Bong June Kim, Esq.
                        B. J. Kim, Esq.
                        Attorney Bar Code: BK-6989